IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MID-CONTINENT AVIATION
SERVICES, INC.,

          Plaintiff,

v.                                       Case No. 25-1081-JWB

BLUE & GREEN TRUST, FRANK GANGI,
and T3 AVIATION, INC.,

          Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's renewed motion to amend the complaint (Doc. 81) and Plaintiff's motion to remand (Doc. 80).  The motions are fully briefed and ripe for decision. (Docs. 82–85.)  For the reasons stated herein, Plaintiff's renewed motion to amend the complaint (Doc. 81) is GRANTED.[1]  Upon review of the amended complaint, the court concludes it lacks subject matter jurisdiction and thus GRANTS Plaintiff's motion to remand.  (Doc. 80.)

### I.     Facts & Procedural History

On March 27, 2025, Mid-Continent Aviation Services, Inc. ("MCAS, Inc." or "Plaintiff") sued defendants Blue & Green Trust ("BGT") and Frank Gangi ("Gangi") in Kansas state court. (Doc. 1 at 5–9.)  On April 29, 2025, BGT and Gangi removed the action on the basis of diversity. (*Id*. at 1–3.)  On September 3, 2025, MCAS, Inc. filed its first amended complaint ("FAC") which added T3 Aviation, Inc. as a defendant (collectively "Defendants").  (Doc. 42.)

On December 24, 2025, Defendants discovered that MCAS, Inc. ceased its existence as a legal entity and sought dismissal on that ground because the real party in interest had not been

---

[1] The court will decide motions in the order it deems appropriate. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets").

joined.  (Doc. 60.)  On February 9, 2026, the court ordered MCAS, Inc. to show cause why the action should not be dismissed due to Plaintiff's status as a non-existent entity.  (Doc. 79.)  MCAS, Inc. responded with a motion to amend that names Mid-Continent Aviation Services, LLC ("MCAS, LLC") as the real party in interest because MCAS, Inc. converted to MCAS, LLC on February 29, 2024, and therefore "holds all of its rights, property, and causes of action" of MCAS, Inc.  (Doc. 81 at 5–6.)  Plaintiffs contemporaneously filed a motion to remand because "MCAS, LLC's members' citizenship defeats diversity jurisdiction."  (Doc. 80 at 8.)

## II.      Analysis

The Federal Rules of Civil Procedure provide that "[a]n action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).  "The real party in interest principle requires that an action be brought in the name of the party who possesses the substantive right being asserted under the applicable law."  *Esposito v. United States*, 368 F.3d 1271, 1273 (10th Cir. 2004) (internal quotation marks omitted).  Here, the court must look to Kansas law to determine who possesses those substantive rights.  *Rainbow Commc'ns, LLC v. Landover Wireless Corp.*, No. 19-cv-2187-JAR-GEB, 2019 WL 3239348, at *3 (D. Kan. July 18, 2019) ("A federal court sitting in diversity must look to state law to determine whether a plaintiff is the real party in interest.").  Under Kansas law, "the converted entity is the same entity without interruption as the converting entity."  K.S.A. § 17-78-406(a)(1)(B).  In other words, on the day of conversion (February 29, 2024), MCAS, Inc. merely changed its legal form and became MCAS, LLC.  (Doc. 66-1.)[2]  And according to the declaration of Melissa Klafter,[3] MCAS has operated as an LLC since

---

[2] The Kansas Secretary of State's records confirm that both entities share the same entity ID: 6395644.  (Doc. 66-2.)
[3] Ms. Klafter is a partner and Chief Financial Officer of AE Industrial Partners, LP, which is an indirect owner of MCAS, LLC.  (Doc. 84-1.)

the date of conversion, including the date this action was filed. (Doc. 84-1.)[4] Kansas law goes on to provide that "all of the rights, privileges, immunities, powers and purposes of the converting entity remain in the converted entity." K.S.A. § 17-78-406(a)(4). As such, MCAS, LLC holds all of the rights of MCAS, Inc., and therefore is the only entity entitled to bring this action, making it "the real party in interest." Fed. R. Civ. P. 17(a).

When the named plaintiff is not the real party in interest, dismissal is not the appropriate remedy; rather, the court is to provide a reasonable amount of time to allow the real party in interest to be substituted by the plaintiff. Fed. R. Civ. P. 17(a)(3). Here, in response to the court's order to show cause, Plaintiff sought leave to amend to substitute the real party in interest, MCAS, LLC, for MCAS, Inc. (Docs. 79, 80, 81.) Accordingly, the court is required to allow "the real party in interest to . . . be substituted into the action." *See Esposito*, 368 F.3d at 1278 ("Rule 17(a) is designed to prevent forfeitures, and as such must be given broad application.") Plaintiff's motion to amend (Doc. 81) is therefore granted and MCAS, LLC, is substituted in place of MCAS, Inc.

Pursuant to Rule 17(a), substitution "shall have the same effect as if the action had been commenced in the name of the real party in interest." Fed. R. Civ. P. 17(a). That means MCAS, LLC's, citizenship at the time the case was originally filed controls the jurisdictional analysis. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

---

[4] The original declaration of Ms. Klafter did not include MCAS, LLC's citizenship at the time this action was filed and removed. (Doc. 80-1.) Defendants promptly pointed out that "[d]iversity of citizenship is assessed at the time the action is filed," and that Ms. Klafter's declaration failed to identify MCAS, LLC's, citizenship at the time of filing. (Doc. 82 at 2.) In its reply, Plaintiff attached a new declaration from Ms. Klafter identifying MCAS, LLC's, citizenship at the time of filing. (Doc. 84-1.) In anticipation of this updated affidavit, Defendants proactively requested leave to conduct discovery into the conversion of MCAS, Inc., into MCAS, LLC. (Doc. 82 at 3.) While Defendants argue that the court has discretion to allow such limited discovery, it in fact does not as there is not a dispute as to facts regarding citizenship. Defendants fail to offer any evidence that would support a finding of diversity here. Having granted Plaintiff's motion to amend (Doc. 81) and subsequently determining this court lacks subject-matter jurisdiction, this court lacks the authority to allow further discovery. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A limited liability company takes the citizenship of each of its members. *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1008 (10th Cir. 2025). To determine the citizenship of an LLC, "the plaintiff must identify that unincorporated entity's members and those members' citizenship, tracing through however many layers necessary to reach either a corporation or a natural person." *Id.* at 1009 (cleaned up). This requires Plaintiff to trace citizenship all the way back to a corporation or a natural person in a diversity case. *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1299 (10th Cir. 2025). MCAS, LLC, did so and found that one of its members included AE Industrial Partners Fund III, LP ("Fund III"), which itself has the following limited partner: the New Mexico Educational Retirement Board ("NMERB"). (Doc. 84-1 at 2.) MCAS, LLC, argues that this state pension board is an arm of the state and therefore diversity jurisdiction is destroyed. (Doc. 80 at 8.) The court agrees.

Removal in this case was premised on diversity jurisdiction. 28 U.S.C. § 1332(a). Diversity jurisdiction is available to resolve disputes between "citizens of different States." 28 U.S.C. § 1332(a)(1). The Supreme Court has held that a state is not a citizen for diversity purposes. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). The same rule applies to state agencies that are an "arm or alter ego" of the state. *McCoy v. Kansas*, No. 16-2129-JAR, 2016 WL 6822654, at *2 (D. Kan. Nov. 17, 2016). However, if a party is a political subdivision, such as a county or city, it is considered a "citizen" and diversity jurisdiction may arise. *Moor*, 411 U.S. at 717. Thus, the question is whether NMERB is a political subdivision or an arm of the state.

The factors that determine whether an agency is an arm of the state are effectively the same as those used to determine whether an agency is entitled to Eleventh Amendment immunity. *Kansas Pub. Emps. Ret. Sys. v. Boatmen's First Nat. Bank of Kansas City*, 982 F. Supp. 806, 807 (D. Kan. 1997). The test asks whether a judgment against the entity would be payable by the state,

and then assesses the following factors: "(1) state law characterization of the entity, (2) the entity's autonomy from the state, (3) the entity's finances and financial independence from the state, and (4) whether the entity addresses matters of local or state-wide concern." *Hennessey v. Univ. of Kansas Hosp. Auth.*, 53 F.4th 516, 528 (10th Cir. 2022) (citing *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007)).

Under those factors, the NMERB is an arm of the state. MCAS, LLC, points out that the NMERB is composed of nine board members which include two individuals appointed by the governor and otherwise a majority of high-ranking state officials. (Doc. 80 at 7.) *See* N.M.S.A. § 22-11-3. MCAS, LLC, further points out that the New Mexico state legislature has statutorily established how often the NMERB must meet, what constitutes a quorum, how business is transacted, and, critically, that disbursements from the educational retirement fund (which is administered by the NMERB) may be issued only upon approval by the New Mexico Department of Finance and Administration. *See* N.M.S.A. §§ 22-11-4 to -12. These indicate that the NMERB possess little operational independence from the State of New Mexico. Accordingly, the NMERB is under the state's control to such an extent it is considered an arm of the state. Defendants have alleged no facts, and otherwise made no argument, supporting a finding that NMERB is a political subdivision rather than an arm of the state. (Doc. 82.)

Moreover, this conclusion finds adequate support. District of New Mexico cases have accepted without extensive analysis that NMERB is an arm of the state. *See New Mexico Educ. Ret. Bd. v. Renaissance Priv. Equity Partners, L.P.*, No. CV 12-0067 RB/WDS, 2012 WL 13080789, at *2 (D.N.M. Mar. 26, 2012); *N.M. ex rel. Nat'l Educ. Ass'n of N.M. v. Austin Capital Mgmt. Ltd.*, 671 F.Supp.2d 1248, 1252 (D.N.M. 2009) (holding "there is no question" that the ERB is an arm of the state). Further, in the context of § 1983 analysis which nearly mirrors

Eleventh Amendment analysis, the Court of Appeals of New Mexico found the ERB to be an arm of the state. *Wirtz v. State Educ. Ret. Bd.*, 122 N.M. 292, 923 P.2d 1177 (Ct. App. 1996). Finally, virtually every court considering the issue has found state pension boards to be "arms of the state."[5]

Having found NMERB to be an arm of the state, the court concludes that this case does not fall within its limited jurisdiction and must be dismissed for lack of subject matter jurisdiction. However, this case was originally removed from state court. (Doc. 1.) The Tenth Circuit has consistently held that "[t]he plain language of § 1447(c) gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction." *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557–58 (10th Cir. 2000) (quotation omitted). Accordingly, remand is mandatory.

In closing, the court observes what may seem to some to be a peculiar result that, if correct, indicates that unincorporated entities such as limited partnerships and limited liability companies may essentially immunize themselves against ever landing in federal court, even by choice, on the basis of diversity of citizenship by simply including a state or other non-citizen entity among the organization's members. This result flows from the collision between 19th century precedent on the non-citizenship of states and state entities with the citizenship rules for modern unincorporated business entities. *Compare Strawbridge v. Curtiss*, 7 U.S. 267, 267–68, 2 L. Ed. 435 (1806), *overruled by Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497, 11 L. Ed. 353 (1844) *and Postal Tel. Cable Co. v. State of Alabama*, 155 U.S. 482, 487, 15 S. Ct. 192, 197, 39 L. Ed. 231 (1894)

---

[5] *See*, *e.g.*, *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 540 (4th Cir. 2014) (South Carolina Retirement System and the South Carolina Police Officers Retirement System); *Burrell v. Teacher's Ret. Sys. of Ala.*, 353 Fed. Appx. 182, 183 (11th Cir.2009) (Teacher's Retirement System of Alabama); *Ernst v. Rising*, 427 F.3d 351, 359–61 (6th Cir. 2005) (Michigan's retirement system for state-court judges and state officials); *McGinty v. New York*, 251 F.3d 84, 96 (2d Cir. 2001) (New York State and Local Employees Retirement System); *Pub. Sch. Ret. Sys. of Missouri v. State St. Bank & Tr. Co.*, 640 F.3d 821, 823 (8th Cir. 2011) (Public School Retirement System of Missouri and the Public Education Employee Retirement System of Missouri); *Am. Int'l Specialty Lines Ins. Co. v. Reimer & Koger Assoc., Inc.*, 874 F. Supp. 324, 326 (D. Kan. 1995) ("Under these circumstances the court finds that KPERS is an arm of the state for purposes of the Eleventh Amendment.").

*with Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990).

However, this is an issue with which courts have grappled repeatedly in recent years. *See, e.g., Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) ("We . . . conclude that Perkins Coie (as a named defendant) takes on the stateless status of its individual partners Lu, Palmer, and Zimmerman. This attribution of statelessness destroys complete diversity and deprived the district court of the power to hear this case."); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 127 (1st Cir. 2011) ("Therefore, if even one of [Plaintiff's] members is another unincorporated association, and if that association has one member or partner that is either a stateless person or an entity treated like a stateless person, we would not have diversity jurisdiction over this matter."); *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("[I]f Skadden has among its partners any U.S. citizens who are domiciled abroad, then Skadden and Herrick (which is a citizen of Florida) are non-diverse."); *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184–85 (3d Cir. 2008) ("Because Morgan Lewis has a stateless partner, and thus, all partners of Morgan Lewis are not diverse from all parties on the opposing side, the district court correctly held that it lacked diversity jurisdiction over this action."); *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 523 n.1 (5th Cir. 2015) ("[T]he addition of Skadden defeated diversity jurisdiction because Skadden, a partnership whose members include U.S. citizens domiciled abroad, is stateless for the purposes of diversity jurisdiction." (citations omitted)); *Indiantown Cogeneration, L.P. v. Century Coal, LLC*, No. 3:09CV398, 2011 WL 3682778, at *2 (W.D.N.C. Aug. 23, 2011) (Because Indiantown is a limited partnership and its citizenship is that of all of its limited and general partners, whose citizenship in turn is that of their members, Indiantown's citizenship is determined in part by [Missouri Department of

Transportation and Patrol Employees Retirement System] citizenship. Thus, because MPERS is stateless for purposes of diversity, Indiantown is also stateless for diversity purposes.) (internal citation omitted); *A.L. by & through Luchsinger v. Pitts*, No. 21-CV-03481-CMA-STV, 2022 WL 3593739, at *3 (D. Colo. Aug. 23, 2022) (granting a motion to remand because diversity jurisdiction lacking due to the United States—specifically, the Department of the Army—being a member of the LLC); *Ambac Assurance Corp. v. Fort Leavenworth Frontier Heritage Communities, II, LLC*, 315 F.R.D. 601, 611 (D. Kan. 2016). In each of those cases, the courts concluded that the presence of non-citizens or stateless citizens destroyed diversity. As noted by the Seventh Circuit in *Page*, while many of these federal-jurisdiction-defeating problems arising from unincorporated business associations may not have been in view when the Constitution was ratified and when the early cases on diversity jurisdiction were decided, the problem (if indeed it is a problem) is well recognized now, and under our system of government, it is the province of Congress to remedy any perceived problems through the jurisdictional statutes. *Page*, 2 F.4th at 638–39 ("If this outcome seems to defy modern commercial realities, the responsibility for amending § 1332—updating it to account for today's forms of business associations—rests with Congress."). In any event, it was Defendants' burden, as the party seeking removal, to establish this court's subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194–95 (10th Cir. 2003). Defendant declined the opportunity to address this issue at all. (*See generally* Docs. 82, 83.)

## III.    Conclusion

THEREFORE, Plaintiff's motion to amend (Doc. 81) is GRANTED. Upon review of the amended complaint, the court GRANTS Plaintiff's motion to remand (Doc. 80) holding it lacks

9

subject matter jurisdiction.  This matter is remanded to the Eighteenth Judicial District Court of Sedgwick County, Kansas.

IT IS SO ORDERED.  Dated this 27th day of April, 2026.

__s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

9